The Honorable John Paul Verkamp State Representative 1405 West Center Street Greenwood, AR 72936-3405
Dear Representative Verkamp:
I am writing in response to your request for an opinion concerning a previous opinion of this office. Your question is as follows:
 Your Opinion No. 96-063 stated that an ex-officio member of a public board `may' attend executive sessions of the public board. Does this mean that an ex-officio member may be excluded from an executive session by the public board?
RESPONSE
Assuming that the ex-officio membership is in fact lawful in the specific context of the question (see generally Op. Att'y Gen. 96-063 at n. 1),[1]
it is my opinion that the answer to your question is "no." That is, in my opinion, a properly serving ex-officio member may not be excluded from an executive session of a public board.
The question addressed in Attorney General Opinion 96-063 was whether exofficio members of the Ashley County Hospital Board are considered part of the "governing body" for purposes of A.C.A. § 25-19-106(c)(2)(A), which is that part of Arkansas Freedom of Information Act specifying those persons who may be present during an executive session.[2] It was concluded that the answer is "yes." An ex-officio member is a member of the governing body because "one who is a member of the Board by virtue of his occupancy of another office or position is no less a member, for purposes of A.C.A. § 25-19-106(c)(2)(A), than one who has been elected, appointed, or otherwise chosen to be a member independently, without regard to any other status or position." Op. Att'y Gen. 96-063 at 1. It was thus concluded that the ex officio member "properly may be present during an executive session. . . ." Id.
The conclusion that an ex-officio member "properly may be present" was not meant to suggest, however, that the member can be excluded from an executive session. Once the ex-officio membership is established, that member's presence is contemplated whenever there is a meeting of the "governing body." This necessarily follows, in my opinion, from the conclusion that the ex-officio member is "no less a member . . . than one who has been elected, appointed, or otherwise chosen to be a member. . . ." Id. Accord Op. Att'y Gen. 96-062 (copy enclosed) (opining that a city council cannot exclude the mayor from meetings held in executive session because he is most likely included in the "governing body" for purposes of the FOIA, and the law thus contemplates his presence when the "governing body" holds an executive session). I have found no authority for the general proposition, moreover, that a governing body can choose to exclude one of its members from a meeting. Cf. Op. Att'y Gen. 95-360 (opining that while a school board member would generally be disqualified from participating in a decision involving his own pecuniary interest, the school board lacks the authority to make that determination and exclude the member from its proceedings).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Opinion 96-063 involved ex officio membership on the Ashley County Hospital Board. It was pointed out in the opinion that the subchapter of the Code governing county hospital boards does not appear to make any provision for ex officio members. Id. at n. 1. No question was presented in this regard, however, and the opinion was issued on the assumption that such membership was not unlawful.
[2] Section 25-19-106 (c) (2) (A) provides:
 Only the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved, and the employee may be present at the executive session when so requested by the governing body, board, commission, or other public body holding the executive session.